**Michael A. RICHCREEK, Plaintiff,**

v.

**UNITED STATES of America, William B. Jefferson, Chief Collection Branch, Internal Revenue Service, Defendants.**

**Civil No. 1:95cv363.**

United States District Court,
N.D. Indiana,
Fort Wayne Division.

Dec. 9, 1996.

Michael A. Richcreek, Marion, IN, pro se.

---

Deborah M. Leonard, U.S. Attys. Office, Fort Wayne, IN, Kevin P. Jenkins, U.S. Dept. of Justice, Washington, DC, for U.S.

Kevin P. Jenkins, U.S. Dept. of Justice, Washington, DC, for William B. Jefferson.

## ORDER

WILLIAM C. LEE, Chief Judge.

This matter is before the court on a "Motion to dismiss Plaintiff's Complaint or for Summary Judgment" filed by the defendants (collectively the "United States"), on June 21, 1996. The parties completed briefing the motion on December 2, 1996. For the following reasons, the United States' motion will be granted.

### Discussion

The plaintiff, Michael A. Richcreek ("Richcreek"), filed his complaint in this matter on November 1, 1995. In his complaint Richcreek alleged:

1. The IRS officials who issued the notices of levy on Richcreek's wages did not have the delegated authority to issue the levies.

2. Richcreek has not received a Notice and Demand on Form 17 or Form 17A.

3. The liens recorded by the IRS were not perfected nor filed in accordance with the Indiana Code.

4. The taxes, which underlie the levies, were not "assessed pursuant to law".

5. The levies are void to the extent that they seek payment for certain years because those years are barred by the statute of limitations.

6. The levies are void to the extent that they seek payment for certain years that Richcreek alleges were discharged in an earlier bankruptcy he filed.

Richcreek also seeks punitive damages and costs of this litigation. In an order dated January 31, 1996, this court denied Richcreek the injunctive relief he sought in his complaint.

On June 21, 1996, the United States filed a motion to dismiss Richcreek's complaint or for summary judgment. In this motion, the United States argued that:

1. This court lacks jurisdiction over the subject matter of this action.

2. Richcreek's complaint fails to state a claim upon which relief can be granted.

3. The Internal Revenue Service followed the appropriate procedures in levying upon Richcreek's wages.

Richcreek did not file a response to the government's motion. Rather, on July 30, 1996, Richcreek filed a motion to withdraw his complaint. A telephone conference was held concerning Richcreek's motion on August 14, 1996, and on August 26, 1996, Richcreek filed an amended motion to withdraw his complaint. On September 11, 1996, the government filed a response in opposition to the motion to withdraw complaint.

Richcreek's basis for requesting to withdraw his complaint was that he had received a Form 668-D Release of Levy, Release of Property from Levy with respect to the prior Internal Revenue Service levy on his wages. Richcreek took the position that the release of the levy on his wages rendered this entire case moot.

The government objected to Richcreek's request to withdraw his complaint, arguing that this case was not moot because Richcreek's complaint raised issues beyond the validity of the levy that are still present in this litigation. That is, Richcreek's complaint sought a determination of the procedural validity of the liens upon Richcreek's property and rights to property that precipitated the wage levy. Additionally, Richcreek alleged special damages of $100,000 and sought punitive damages of $25,000 from the United States based upon the levy on his wages.

In an order dated October 16, 1996, this court held that the release of the levy did not render this case moot, as Richcreek had clearly contested the procedural validity of the liens and the levy, and had sought special and punitive damage. This court further noted that section 6343 of the Internal Revenue Code provides that the release of a levy on property, such as occurred in this case, "shall not prevent any subsequent levy on such property." Thus, this court denied Richcreek's motion to withdraw his com-

plaint, and ordered Richcreek to file a response to the government's motion to dismiss or, alternatively, to agree to the dismissal of his complaint with prejudice.

On November 18, 1996, Richcreek filed his response to the United States' motion. Richcreek states that he "was/is only seeking an accurate accounting of an amount allegedly owed and to make sure the (IRS) followed procedures...." Richcreek has failed to address the jurisdictional arguments raised in the United States' motion but, rather, sets forth five paragraphs of "facts" in which he essentially attacks the validity of the delegation order signed by revenue officers William Jefferson and Pamela Laaker. Richcreek fails to explain how any of his "facts", even if uncontroverted by the United States, would permit this court to deny the United States' motion.

Richcreek claims that Jefferson and Laaker did hot have the delegated authority "to levy property in hands of third parties." Richcreek further claims that the delegation order submitted with the Motion to Dismiss is not the correct delegation order for the levies issued in this case. It is perfectly clear, however, that the delegation order authorized the issuance of levies except in certain limited circumstances not relevant to this case. As the United States points out, the delegation order is not limited to levying on real and personal property, but not property in the hands of third parties. The reference to personal and real property relates to the administration and sale of real and personal property acquired by the United States.

Richcreek further alleges that the IRS did not follow proper procedures in levying on his wages, as the United States has not submitted any papers which show that the Notice and Demand was ever mailed. However, as the United States notes, the Certificates of Assessments and Payments establish that the Notice and Demand for the assessments made were mailed on the dates corresponding with the "First Notice" notation. This court agrees with the United States that Richcreek has failed to completely read and/or understand the Certificates of Assessments and Payments.

Likewise, Richcreek's allegations that the levies issued on his wages were false and fraudulent, and that the issuance of levies constituted criminal acts, are completely unsupported by any evidence. Consequently, the United States' motion for summary judgment will be granted.

### Conclusion

For all of the foregoing reasons, summary judgment is hereby GRANTED in favor of the defendants.